UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| 4C, INC. and EDWARD TIMMONS, JR.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL POULS, individually; KIDZ-IDZ, INC.; SAMANDA PROPERTIES II OF NJ, LLC; CUSTOMER LOYALTY INTERNATIONAL, LLC; STELLAR TICKETS, LLC; NEW WORLD INCENTIVES, LLC,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-00778 (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

The Norman Law Firm
Stephen P. Norman
30838 Vines Creek Road, Unit 3
Dagsboro, Delaware 19939
    Counsel for Plaintiffs

Fox Rothschild LLP
Carl D. Neff
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE 19899
    Counsel for Defendants

**IRENAS**, Senior District Judge, sitting by designation:

   This action initially arose when Plaintiffs brought suit against a number of corporations and their owner, Michael Pouls, alleging, *inter alia*, a claim for copyright infringement in Count

1

III.[1] Defendants now move to dismiss Count III and recover attorneys' fees pursuant to 17 U.S.C. § 505.[2]

**I.**

Starting in 2007, Plaintiffs designed and developed various websites for Defendants. (*Id.* ¶¶ 15-22) In late 2009, a dispute arose concerning payments Defendants allegedly owed to Plaintiffs. (*Id.* ¶ 29) Specifically, Plaintiffs allege that Defendants had an outstanding account balance of $152,547.29. (*Id.* ¶¶ 39-51) While the parties attempted to settle the disputed amount, Defendants allegedly hired outside web developers to copy Plaintiffs' "graphics, front-end source code, and other work product." (*Id.* ¶ 53) Although Plaintiffs instructed Defendants to refrain from such behavior, Defendants ignored Plaintiffs' requests. (*Id.* ¶ 54)

On September 2, 2011, Plaintiffs filed the Complaint. Defendants now move to dismiss only the claim for copyright infringement for failure to state a claim. (Dkt. No. 5) Additionally, Defendants seek attorneys' fees.

---

[1] In the Complaint, Plaintiffs also bring claims for breach of contract, fraudulent misrepresentation, promissory estoppel/detrimental reliance, unjust enrichment, and breach of the covenant of good faith and fair dealing. (Compl. ¶¶ 62-100)

[2] This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits

attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint."  *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Plaintiffs allege that Defendants' copyright infringement caused Plaintiffs to incur damages to be proven at trial. (Compl. ¶¶ 82, 84) In order to bring a claim for copyright infringement, however, one must first have met the registration requirement for a copyright. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1242 (2010) (the Copyright Act "establishes a condition - copyright registration - that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions.").

Here, Plaintiffs admit that "they have not registered a copyright for their work product." (Pls.' Br. 6) Despite their

admitted failure to comply with § 411(a), Plaintiffs proffer two reasons why Count III should not be dismissed. First, Plaintiffs argue that Defendants failed to comply with Delaware Local Rule 7.1.1., which provides:

> [E]very nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. Unless otherwise ordered, failure to so aver may result in dismissal of the motion.

L. Civ. R. 7.1.1.

This Rule is patently inapplicable, however, because Defendants' Motion to Dismiss is a dispositive motion. *See St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2009 WL 4574603, at *2 (D. Del. Dec. 4, 2009) ("A motion to dismiss is a dispositive matter."). Accordingly, Plaintiffs' first argument is without merit.

Second, Plaintiffs argue that, despite the erroneous heading of "Copyright Infringement under 17 U.S.C.S. § 501," Count III actually states a claim for conversion.[3] Any reasonable reading of Count III, however, demonstrates the frivolity of Plaintiffs' argument. For example, Paragraph 82 of the Complaint states that Defendants were "infringing upon 4C's copyrighted material on its websites." This Court will not bend reason to construe

---

[3] "Conversion is the 'wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it.'" *Acierno v. Preit-Rubin, Inc.*, 1999 F.R.D. 157, 165 (D. Del. 2001) (quoting *Resource Ventures Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 438 (D. Del. 1999)).

Plaintiffs' clearly pled copyright claim as one for conversion.[4]

Plaintiffs do not otherwise dispute that Count III is without merit. Accordingly, Defendants' Motion to Dismiss will be granted.

**IV.**

Defendants additionally seek attorneys' fees. Plaintiffs do not address the merits of Defendants' application.

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

In awarding attorneys' fees, "prevailing plaintiffs and prevailing defendants are to be treated alike." *See Fogerty v. Fantastic, Inc.*, 510 U.S. 517, 534 (1994). There is no precise formula for determining whether attorneys' fees should be awarded, but rather they are awarded at the district court's discretion. *See id.* Factors to consider include motivation, frivolousness, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. *See id.* at 535 n.19 (citing *Lieb v.*

---

[4] This Court expresses no opinion as to whether Plaintiffs have a plausible claim for conversion.

*Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

### A.

Defendants assert that Plaintiffs' "only motivation for bringing a wholly spurious claim could be to attempt to gain an unwarranted advantage and leverage over Defendants."[5] (Defs.' Br. 8) Plaintiffs' respond only by arguing that they "incorrectly entitled Count III." (Pls.' Br. 7)

Given the express language of Count III, and for the reasons stated above, this Court finds Plaintiffs' response unpersuasive. At best, Plaintiffs failed to adequately research their copyright claim. At worst, Plaintiffs filed a deficient copyright claim in bad faith. This factor favors Defendants in either scenario, however, because the *Lieb* standard does not require a motivation of bad faith or malicious conduct.

### B.

Courts have analyzed frivolousness and objective unreasonableness together. In *Warren Pub. Co. v. Spurlock*, the Court noted that "[f]rivolousness is defined as lacking any plausible merit." 2010 WL 760311, at *4 (E.D.Pa. Mar. 3, 2010) (internal citations omitted). Furthermore, "[o]bjective

---

[5] Defendants believe that this is an attempt by Plaintiffs to "gain a strategic advantage by including a fee-shifting statutory claim along with their common law claims." (Defs.' Br. 8)

unreasonableness encompasses both a legal and a factual component." *Schiffer Books Publ'g, Ltd. v. Chronicle Books, LLC*, 2005 WL 1244923, at *4 (E.D.Pa. May 24, 2005).

Here, Plaintiffs admit that they failed to properly register their work product and, thus, their claim for copyright infringement has no plausible merit in either law or fact. Accordingly, both the frivolousness and objective unreasonableness factors favor Defendants.

C.

"[T]he need for deterrence against objectively unreasonable copyright claims is significant. . . . [Because] the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.'" *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 796 (S.D. Tex. 2009) (quoting *Chivarly Film Prods. v. NBC Universal*, 2007 WL 4190793, at *4 (S.D.N.Y. 2007)).

Objectively unreasonable claims of copyright infringement, such as Plaintiffs' claim, should be deterred in order to prevent the waste of resources. Moreover, Plaintiffs do not oppose Defendants' application for attorneys' fees on the merits. Accordingly, this Court will award Defendants reasonable attorneys' fees incurred in filing this Motion to Dismiss.

**V.**

For the foregoing reasons, Defendants' Motion to Dismiss and application for attorneys' fees will be granted. Defendants shall submit attorney invoices for work associated with filing this Motion within 14 days.


Date: 6/19/12                                  /s/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**